ALABAMA HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10332.    Promulgated August 29, 1927.

The Board has no jurisdiction of a proceeding where a jeopardy assessment was made under the provisions of section 274(d) of the Revenue Act of 1924, and no claim for the abatement thereof was filed.

*Niel P. Sterne, Esq.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

In this proceeding the petitioner appeals from the determination of the respondent, as set forth in a letter mailed October 30, 1925, that there is a deficiency in tax for the fiscal year ended May 31, 1919, in the amount of $1,269.78, and an overassessment for the fiscal year ended May 31, 1918, in the amount of $3,159.71. The petitioner alleges that the deficiency for the fiscal year ended May 31, 1919,

should be reduced and that the overassessment for the fiscal year ended May 31, 1918, should be increased.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of the State of Alabama, with its principal office and place of business at Anniston. Ala.

Under date of November 11, 1924, the respondent mailed to the petitioner a letter advising it that an additional assessment of income and profits tax in the amount of $4,857.15 was proposed for the fiscal year ended May 31, 1918. The petitioner filed a protest against the proposed assessment in December, 1924. A jeopardy assessment was, however, made in the amount of $4,857.17 on the February, 1925, list and on February 12, 1925, a letter was mailed by the respondent to the petitioner notifying it that " in accordance with the provisions of Section 274(d) of the Act of 1924, there has been assessed against you income and profits taxes amounting to $4,857.15 for the taxable year 1918, the details of which are set forth in the attached papers," and that " under the provisions of Section 279(a) of the Act you have the right to file with the Collector of Internal Revenue within 10 days after notice and demand for payment, a claim for abatement of this tax or any part thereof." On February 18, 1925, the collector gave notice of the assessment and made demand for payment but no claim for the abatement of the tax was ever filed by the petitioner.

Under date of October 30, 1925, the respondent mailed to the petitioner a deficiency notice notifying it that there was a deficiency in tax for the fiscal year ended May 31, 1919, in the amount of $1,269.78 and an overassessment of $3,159.71 for the fiscal year ended May 31, 1918. It is from this letter that this appeal is taken.

At the hearing it was conceded by the respondent that he had erred in disallowing as part of the cost of goods sold by the petitioner in the fiscal year ended May 31, 1919, the amount of $4,485.21, and that the petitioner's income for that year, as set forth in the deficiency notice, should be reduced by that amount.

### OPINION.

MARQUETTE: The only error alleged by the petitioner as to the fiscal year ended May 31, 1919, is that the respondent failed to allow as part of the cost of the goods sold in that year the amount of $4,485.21. The respondent concedes that he erred as alleged by the petitioner and that the petitioner's net income for the fiscal year ended May 31, 1919, should be reduced by the amount of $4,485.21.

The respondent has moved to dismiss this proceeding in so far as it relates to the fiscal year ended May 31, 1918, on the ground that the Board is without jurisdiction to hear and determine the same. For the reasons hereinafter set forth we are of the opinion that the respondent's contention is well founded and that the motion to dismiss should be sustained.

The additional tax for the fiscal year ended May 31, 1918, was assessed in February, 1925, under the provisions of section 274(d) of the Revenue Act of 1924, which is as follows:

SEC. 274. (d) If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay such deficiency shall be assessed immediately and notice and demand shall be made by the collector for the payment thereof. In such case the assessment may be made (1) without giving the notice provided in subdivision (a) of this section, or (2) before the expiration of the 60-day period provided in subdivision (a) of this section even though such notice has been given, or (3) at any time prior to the final decision by the Board upon such deficiency even though the taxpayer has filed an appeal. If the taxpayer does not file a claim in abatement as provided in section 279 the deficiency so assessed (or, if the claim so filed covers only a part of the deficiency, then the amount not covered by the claim) shall be paid upon notice and demand from the collector.

The only provision for an appeal to this Board from an assessment made by the Commissioner under the authority of section 274(d) of the Revenue Act of 1924 is found in section 279 of that Act, which is in part as follows:

SEC. 279. (a) If a deficiency has been assessed under subdivision (d) of section 274, the taxpayer, within 10 days after notice and demand from the collector for the payment thereof, may file with the collector a claim for the abatement of such deficiency, or any part thereof, or of any interest or additional amounts assessed in connection therewith, or of any part of any such interest or additional amounts. Such claim shall be accompanied by a bond, in such amount, not exceeding double the amount of the claim, and with such sureties, as the collector deems necessary, conditioned upon the payment of so much of the amount of the claim as is not abated, together with interest thereon as provided in subdivision (c) of this section. Upon the filing of such claim and bond, the collection of so much of the amount assessed as is covered by such claim and bond shall be stayed pending the final disposition of the claim.

(b) If a claim is filed as provided in subdivision (a) of this section the collector shall transmit the claim immediately to the Commissioner who shall by registered mail notify the taxpayer of his decision on the claim. The taxpayer may within 60 days after such notice is mailed file an appeal with the Board of Tax Appeals. If the claim is denied in whole or in part by the Commissioner (or by the Board in case an appeal has been filed) the amount, the claim for which is denied, shall be collected as part of the tax upon notice and demand from the collector, and the amount, the claim for which is allowed, shall be abated. A proceeding in court may be begun for any part of the amount, claim for which is allowed by the Board. Such proceeding shall be begun within one year after the final decision of the Board, and may be begun within such year even though the period of limitation prescribed in section 277 has expired.

In *Caribou Oil Mining Co.* v. *Commissioner*, 6 B. T. A. 511, the facts were that the taxpayer filed an income and profits-tax return for the calendar year 1919, showing a total tax liability of $50,503.33. On February 26, 1925, the Commissioner, by a so-called 30-day letter bearing that date, notified the taxpayer of a deficiency in income and profits taxes for the year 1919 in the amount of $44,051.48. On March 10, 1925, the taxpayer filed with the collector a claim for refund of 1919 income and profits taxes in the amount of $11,147.70, on the ground that it was entitled to have its profits taxes for that year determined under the provisions of section 327(d) of the Revenue Act of 1918. On March 14, 1925, the Commissioner made a jeopardy assessment of the amount set forth in the 30-day letter, and notified the taxpayer by letter mailed on that date. On March 18, 1925, the taxpayer replied to the 30-day letter of February 26, 1925, protesting against the assertion of the deficiency of $44,051.48. On March 24, 1925, the collector gave notice and made demand upon the taxpayer for the payment of the deficiency to which the jeopardy assessment related. The taxpayer did not make payment nor did it within 10 days from the date of the collector's notice and demand file a claim for abatement of the deficiency, or any part thereof, accompanied by proper bond as provided by section 279(a) of the Revenue Act of 1924. On or about April 2, 1925, the Commissioner by telegraph requested the collector to withhold collection of the deficiency. On March 12, 1926, and May 14, 1926, the Commissioner addressed letters to the taxpayer stating that the taxpayer's claim for refund, which the taxpayer had filed shortly after its receipt of the 30-day letter, had been acted upon and that in accordance with that claim, special assessment had been allowed under sections 327 and 328 of the Revenue Act of 1918 and that as the result of special assessment the taxpayer's total tax liability for 1919 was reduced to $80,806.23. A certificate of overassessment in the amount of $13,748.58 was thereupon issued and was applied by the collector against the deficiency of $44,051.48 to which the jeopardy assessment related, leaving a balance due of $30,302.90. The taxpayer refused to pay this balance and filed an appeal with this Board alleging as the basis thereof the Commissioner's letter of May 14, 1926. The Commissioner moved to dismiss the appeal for lack of jurisdiction in the Board to hear and determine the same. In sustaining the Commissioner's motion the Board said:

It is apparent that the Commissioner's letter of March 12, 1926, constituted only a voluntary abatement of prior assessments pursuant to his allowance of special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918. It was not in any sense a rejection in whole or in part of a claim in abatement against such assessment, for no claim in abatement had been, or has since been, filed. The petitioner had protested the jeopardy assess-

ment made in March, 1925, and had applied for special assessment. The letter of March 12, 1926, advised the petitioner of the abatement growing out of the allowance of its application.

The letter of May 14, 1926, was but a reiteration and affirmation of the action theretofore taken of which petitioner had been notified on March 12, 1926. It should be noted that the letter of May 14, 1926, was in no sense an advice of action taken with respect to an abatement claim. It could not have amounted to the determination by the Commissioner of a deficiency, for the reason that no claim in abatement of the outstanding assessment had been filed.

Section 283 (k) of the Revenue Act of 1926 continues the procedure outlined in the Revenue Act of 1924 with respect to appeals following jeopardy assessments made under the provisions of the Revenue Act of 1924. Under that procedure the right of the taxpayer to appeal to the Board is based solely on the final determination by the Commissioner of a deficiency in his rejection of a proper claim in abatement, filed within 10 days of the receipt of the collector's notice and demand for the tax so assessed. Since no such claim was ever filed by this taxpayer, the letter of May 14, 1926, does not constitute such a final determination of deficiency, and no appeal lies to the Board therefrom.

It is clear, we think, that where the Commissioner has made a jeopardy assessment under the provision of section 274(d) of the Revenue Act of 1924, no appeal lies to this Board except from the action of the Commissioner rejecting in whole or in part a claim for abatement filed within 10 days after notice and demand from the collector for the payment of the tax so assessed and accompanied by a proper bond. In the case at bar it appears that the petitioner filed neither the claim for abatement nor the bond required by the statute. The situation thus presented is practically identical with that in the appeal above mentioned and upon the authority of the decision therein we must sustain the respondent's motion and dismiss this proceeding insofar as it relates to the fiscal year ended May 31, 1918.

> *The petition insofar as it relates to the fiscal year ended May 31, 1918, is dismissed. Order of redetermination for the fiscal year ended May 31, 1919, will be entered on 15 days' notice, under Rule 50.*

Considered by Phillips, Milliken, and Van Fossan.